IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,   :
    Plaintiff
    :
    vs.   :   CRIMINAL NO. 1:CR-03-0221
    :
BERNARD JOHNSON,
    Defendant   :

*M E M O R A N D U M*

I.   *Introduction*

Defendant, Bernard Johnson, has filed a pro se motion under Fed. R. Crim. P. 33(b)(1) for a new trial based on newly discovered evidence. He has also asserted that the government refused to produce *Brady* material and that it relied on perjured testimony to convict him.

Defendant is serving a twenty-year sentence, principally on eight counts of trafficking crack cocaine, and a five-year consecutive sentence on one count of carrying a firearm in relation to a drug-trafficking offense.

II.   Pertinent Procedural History

On August 20, 2003, an eight-count indictment was filed against Defendant charging him with six drug-trafficking offenses,

one offense of carrying and possessing a firearm in relation to a drug-trafficking offense and one offense of being a felon in possession of a firearm. On January 14, 2004, a superseding indictment was filed charging him with the original eight offenses and adding two more: count IX, being a felon in possession of ammunition, and count X, another crack-cocaine trafficking offense, specifying the amount as being in excess of five grams. On February 11, 2004, a second superseding indictment was filed. It charged him with the same ten offenses as in the superseding indictment but amended the felon-in-possession firearm and ammunition counts by specifying he had committed the offenses while having three previous convictions for unlawful delivery of a controlled a substance. Count X was also amended to now charge him with a crack-cocaine amount of fifty or more grams.

On March 19, 2004, Defendant pled guilty to count VII (carrying and possessing a firearm in relation to a drug-trafficking offense) and count X. About four months later, Defendant filed a motion to withdraw the plea, and on July 30, 2004, we granted that motion.

On August 11, 2004, a third superseding indictment was filed, charging the same offenses as the second superseding indictment. However, the latest indictment added a notice of special findings indicating that: (1) Defendant had possessed and

2

carried a firearm while committing the drug-trafficking offense in count VI; (2) Defendant had possessed a firearm in connection with counts VII and VIII; and (3) the crack-cocaine quantity in count X was 150 to 500 grams.

On December 8, 2004, a jury found Defendant guilty on all ten counts, with the drug quantity in count X determined to be at least fifty but less than 150 grams. As noted, Defendant was sentenced to a total of twenty-five years in prison (300 months). Sentencing occurred on June 9, 2005, and Defendant took a direct appeal, which is still pending. He placed his motion for new trial based on newly discovered evidence in the prison mailbox on December 4, 2007, and it was docketed on December 10, 2007.

III.  *Discussion*

   A.  *Rule 33 and Newly Discovered Evidence*

Under Fed. R. Crim. P. 33(a), a defendant may move for a new trial "if the interest of justice so requires." A motion for a new trial which is based on newly discovered evidence must be made within three years after the verdict. Fed. R. Civ. P. 33(b)(1). A motion for a new trial based on any reason other than newly discovered evidence "must be filed within 7 days after the verdict . . . ." Rule 33(b)(2). To the extent then that Defendant's motion is based on newly discovered evidence, his motion is timely under

3

the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

We may grant such a motion if the following five requirements are met:

> (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006).

    B.   *Newly-Discovered Evidence Claims*

        1. *The Ryan Neal Report*

Ryan Neal is a Harrisburg City police officer who testified about admissions Defendant made after his arrest on August 9, 2003, by Harrisburg police officer Tyron Meik on outstanding warrants. Meik's search of Defendant's person incident to the arrest revealed that Defendant possessed a baggy of crack-cocaine residue and eleven pieces of crack cocaine.

Neal testified as follows. He was not present at the arrest, but he was present at the police station when Meik brought Defendant in. Neal was present with Meik, probation officer Greg Geib and Defendant when Defendant waived his *Miranda* rights by

4

signing a form and then essentially admitted he was being supplied with crack cocaine for sale. (Trial transcript, pp. 145-156). Neal also identified the crack cocaine that was taken from Defendant when he was arrested.

Defendant argues that the "Ryan Neal Report" is newly discovered evidence that would have "destroyed Neal's credibility and unmasked his trial perjury." (Doc. 207, Rule 33 motion, p. 16).[1] In the report, rider 11 to the Rule 33 motion, Neal states that on August 8, 2003, he was "in full uniform" and "assisted Officer Meik in this incident," that he field-tested some of the suspected crack cocaine and the test was positive for the drug. He noted 't]here were eleven individually wrapped pieces of cocaine within a ziplock bag, along with a small ziplock bag of crumbs." On the form, where the officer could have supposedly indicated that a defendant had signed an external document or made a confession, the spaces were left blank.

Defendant argues that this report could have been used to impeach Neal because it would have showed, contrary to his trial testimony that: (1) Neal was at the scene of the arrest (because he said was assisting Meik); (2) Neal fabricated the report because he said he field-tested the drugs on August 8, the

---

[1] Defendant obtained this report after trial under the Freedom of Information Act, 5 U.S.C. § 552, as he did for certain other pieces of evidence.

5

day before Defendant's arrest; and (3) Neal lied at trial about Defendant's admissions because the report does not mention them.

We reject this argument. First, Defendant does not show diligence in obtaining this report because there is no reason presented why it could not have been obtained before trial. Second, his own argument, leaving aside how valid it is, indicates that the report is only impeaching of Neal's testimony. As noted above, impeachment evidence is not enough for a motion based on newly discovered evidence.

### 2. *The Government's Exhibit List Filed on December 8, 2004*

The government's exhibit list filed on December 8, 2004, has an error. It lists Exhibit 28 as the $100 that Harrisburg police officer Donald Cairns used in a controlled buy from Defendant on October 11, 2002. (Trial transcript, p. 58). Exhibit 28 was actually the money taken from Defendant when he was arrested on October 11 after the sale. (Id. p. 60). The exhibit list also has a blank for exhibit 31, which was supposed to be the serial numbers for the $100, the marked money used for the October 11 purchase of the cocaine.

Defendant argues that the exhibit list is newly discovered evidence that shows a fraud was committed on the court by the government because the list would have misled the jury into

believing that the marked money was introduced into evidence. Further, the indication that exhibit 31 was for the serial numbers of the marked money would also have misled the jury into believing that marked money had been introduced at the trial.

We reject this argument. First, the government's exhibit list did not go out with the jury, so the jury could not have been misled by it, even if we assume that the list was misleading (which we do not believe, given the trial evidence). Second, Defendant has not shown diligence; the government's final exhibit list could have been known to him and his counsel at trial.[2] *See Cimera*, *supra*, 459 F.3d at 461. Third, the list is not even evidence. *Id.* at 459 n.9.

### 3. *The ATF Report Concerning Defendant's Status as an Armed Career Criminal*

Defendant argues that an ATF report dated February 5, 2004, (Rule 33 motion, rider 25) is newly discovered evidence that calls into question the validity of the second superseding indictment's charging him with being an armed career criminal. We reject this argument because by his own admission the government stopped relying on his status as an armed career criminal (doc.

---

[2] The list was docketed not on December 10, as Defendant asserts, but on December 8, the last day of trial.

207, Rule 33 motion, p. 57), and it played no role in his conviction or sentence.

### 4. *The Matthew Taylor Report*

Matthew Taylor, an investigator for the Harrisburg police, testified concerning count IX, the charge that Defendant was a felon in possession of ammunition on June 27, 2003. (Trial transcript, pp. 125-38). Defendant argues that a report by Taylor, attached as rider 15 to the Rule 33 motion, dealing with the discovery of marijuana during the incident is newly discovered evidence justifying a new trial.

Defendant asserts that the report is exculpatory because it does not mention discovering the ammunition clip that was the basis of the charge. However, the report does not purport to be a comprehensive summary of the incident, so it is at best impeachment evidence, if that. Hence, it does not justify a new trial.

C. *Grand-Jury Requirements and Personal and Subject-Matter Jurisdiction*

We touch on Defendant's jurisdictional arguments. Defendant argues that the court lacked personal and subject-matter jurisdiction because there is nothing of record indicating that the grand jury voted on the indictments pursuant to Fed. R. Crim. P. 6(c), that any indictment was returned to a magistrate judge

8

pursuant to Rule 6(f), or that any minutes of testimony were recorded pursuant to Rule 6(e)(1). More broadly, Defendant claims the government simply filed the indictment on its own without submitting it to the grand jury. We reject this position.

To begin with, we need only concern ourselves with the third superseding indictment, which replaced the first two. Next, none of Defendant's arguments are relevant to our subject-matter jurisdiction. Under 18 U.S.C. § 3231, we had subject-matter jurisdiction over the federal crimes alleged in the third superseding indictment, 21 U.S.C. §§ 841(a)(1), 842(b)(1)(B), and 18 U.S.C. §§ 924(c), 922(g)(1), regardless of any irregularities in the indictment. *See United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860, 867 (2002).

Additionally, the third superseding indictment (doc. 69) was signed by the grand-jury foreperson, as required by Rule 6(c), and by an attorney for the government, as required by Rule 7(c)(1). Additionally since under Rule 6(e)(6), grand jury proceedings must be kept under seal, it is irrelevant that the proceedings are not of record. Further, even if the indictment had not been returned to a judicial officer, that objection was waived when not raised before trial. *See* Fed. R. Civ. P. 12(b)(3) and (d); *United States v. Enigwe*, 17 F. Supp. 2d 390, 392 (E.D. Pa. 1998). Finally, Defendant's claim that the government simply filed

9

the indictment on its own is pure speculation that does not justify disturbing his conviction. *Id.*

IV.   *Conclusion*

We will issue an appropriate order. We note that Defendant raised other claims, that government witnesses committed perjury, that the government failed to comply with *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that the government failed to comply with the Jenks Act. 18 U.S.C. § 3500. We did not consider these claims because they were untimely under Rule 33(b). In any event, we note on the perjury claim that we are not convinced that any of the testimony was perjured.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge

Date: May 9, 2008

10

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,     :
        Plaintiff
                              :

        vs.                   :    CRIMINAL NO. 1:CR-03-0221

                              :
BERNARD JOHNSON,
        Defendant             :
```

*O R D E R*

AND NOW, this 9th day of May, 2008, it is ordered that:

   1. Defendant's pro se motion (doc. 207) under Fed. R. Crim. P. 33(b)(1) for a new trial based on newly discovered evidence is denied.

   2. Defendant's motion (doc. 209) for remand is dismissed as moot.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge