IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
:
vs. : CRIMINAL NO. 1:CR-03-0221
:
BERNARD JOHNSON, :
         Defendant :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 5, 2013, Defendant filed a pro se motion for release pending disposition of his 28 U.S.C. § 2255 motion. We thought that Defendant's sentence had been based on the statutory minimum in either 21 U.S.C. § 841(b)(1)(A) or section 841(b)(1)(B), and that Defendant might have a valid claim under *United States v. Winston*, 37 F.3d 235, 240-41 (6th Cir. 1994), a claim that his sentence had been improperly extended by virtue of the imposition of the statutory minimum. By order of February 7, 2013, we required the government to respond to the motion for release, and specifically to respond to Defendant's *Winston* claim. Defendant's projected release date is August 14, 2014. In his reply brief, Defendant contends that he is eligible for CCC placement on August 14, 2013, and for home confinement on February 14, 2014. (Reply Br. at p. 9 and attached Ex. 13).

In deciding whether Defendant is entitled to bail pending a decision on his 2255 motion, we will rely on the standard set forth in *United States v. Smith*, 835 F.2d 1048 (3d Cir. 1987). There, the Third Circuit noted that "'a presumption of correctness' must be accorded the initial custody determination." *Id.* at 1050 (quoted case omitted). The court then stated:

> The standards governing stays of civil judgments should guide courts in determining whether to release a habeas petitioner pending appeal; these include whether the applicant has made a "strong showing that he is likely to succeed on the merits," irreparable injury, injury to other parties interested in the proceeding, and the public interest. *Id.* at 2119. Among the other factors referred to by the Court was the government's interest in continued custody pending a final determination of the case on appeal, which the Court noted was strongest where the remaining portion of the sentence is a long one.

*Id.* at 1050. *See also Armstrong v. Grondolsky*, 290 F. App'x 451, 463 (3d Cir. 2008)(nonprecedential).

We will deny the motion. We do not believe that Defendant has made a strong showing that he will succeed on the merits of the claims raised in his 2255 motion. We were mistaken on the one issue we asked the government to address. Defendant has no claim under *Winston* because his sentence was not based on the statutory minimum; it was calculated under the Fair Sentencing Act of 2010 and the sentencing guidelines put in place under that act. It follows that we cannot say at this point that his sentence was improper.

Accordingly, this 25th day of March, 2013, it is ordered that Defendant's motion (Doc. 288) for release pending resolution of his 2255 motion is DENIED.

/s/William W. Caldwell
William W. Caldwell
United States District Judge